OPINION
{¶ 1} Appellant C.D.L. appeals from an order adjudicating him to be a juvenile delinquent, and committing him to the Department of Youth Services for two consecutive six-month terms. C.D.L. argues that the trial court did not make required findings of fact, or, in the alternative, that the order violates the principle set forth in Blakely v. Washington (2002),542 U.S. 296, that a defendant has the right to demand that a jury make any findings required to impose a greater sentence than could otherwise be imposed.
 {¶ 2} In its Answer Brief, the State argues that the statutory requirements and case law upon which C.D.L. relies do not apply in juvenile delinquency cases.
 {¶ 3} In his Reply Brief, C.D.L. argues, implicitly, at least, that it is a violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution to provide a juvenile alleged to be delinquent with less protection from the consequences of consecutive commitments than is accorded to adult criminal defendants with respect to consecutive sentences.
 {¶ 4} We agree with the State that the statutory requirements that applied to the imposition of consecutive sentences in criminal cases before the decision of the Ohio Supreme Court inState v. Foster, 2006-Ohio-856, do not apply to the imposition of consecutive commitments in juvenile delinquency cases. We conclude, further, that State v. Foster, supra, by removing the requirement of certain findings of fact as a predicate for the imposition of consecutive criminal sentences, and confiding the imposition of consecutive sentences to the discretion of the trial judge, has eliminated the disparity in the treatment of juvenile offenders from the treatment of adult offenders of which C.D.L. complains. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 5} C.D.L., a minor, was alleged to be delinquent by reason of having performed acts that, if they had been committed by an adult, would have consisted of Failure to Comply with the Order of a Police Officer, a felony of the fourth degree, and Theft of an Automobile, a felony of the fourth degree. C.D.L. admitted the allegations, and was adjudged to be delinquent.
 {¶ 6} At a dispositional hearing, the juvenile court ordered C.D.L.'s commitment to the Ohio Department of Youth Services for two terms of six months, each, to be served consecutively.
 {¶ 7} From the order of commitment, C.D.L. appeals.
 II {¶ 8} C.D.L.'s sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES."
 {¶ 10} In his original brief, in support of his assignment of error, C.D.L. makes two arguments. His first argument is that the trial court failed to make the findings of fact required by R.C.2929.14(E) for the imposition of consecutive sentences. Alternatively, C.D.L. argues that by virtue of Blakely v.Washington (2002), 542 U.S. 296, the statutory provision for the imposition of consecutive sentences is unconstitutional, because it increases punishment based upon judicial findings that have not been made by a jury, without a waiver of the right to a jury. In this connection, C.D.L. cites State v. Foster,2006-Ohio-856.
 {¶ 11} In its Answer Brief, the State responds that the imposition of consecutive commitments to the Department of Youth Services is governed not by R.C. 2929.14(E), the statute upon which C.D.L. relies, but upon R.C. 2152.17(F), which governs the commitment of a delinquent child, and provides for the imposition of consecutive periods of commitment, in the discretion of the juvenile court. We agree.
 {¶ 12} In his Reply Brief, C.D.L. cites In re: S.C.
(February 25, 2005), Montgomery App. Nos. 20562, 20563, 20564 and 20565, in which this court indicated that it was troubled by the disparity represented by the fact that in adult criminal cases, specific findings of fact were required by R.C. 2929.14(E) for the imposition of consecutive sentences, whereas in juvenile delinquency cases, R.C. 2152.17(F) did not require any findings of fact for the imposition of consecutive periods of commitment. The issue was whether that disparity violated the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. We did not find it necessary to resolve the issue, because the juvenile in that case had not preserved the issue for appellate review.
 {¶ 13} In re: S.C., supra, preceded the decision in Statev. Foster, 2006-Ohio-856. As we understand Foster, the result of that case is that the part of R.C. 2929.14 requiring certain findings of fact for the imposition of consecutive sentences has been held unconstitutional, and has been severed from the statute, with the result that a trial court's decision whether to impose consecutive sentences in an adult criminal case is confided to the discretion of the trial court. With that holding, the disparity we found troubling in In re: S.C., supra, has been eliminated — in both juvenile delinquency cases and adult criminal cases, as a result of State v. Foster, supra, the decision whether to make the periods of commitment or terms of imprisonment consecutive is confided to the discretion of the trial court in both sets of cases.
 {¶ 14} Accordingly, C.D.L.'s sole assignment of error is overruled.
 III {¶ 15} C.D.L.'s sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Donovan, JJ., concur.